UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

2007 APR 24  PM 2: 18

CLERK U.S. ...
CLERK U.S. ...
S.D. OF FL...

MIAMI DIVISION
Case No

ASENCION LUNA,

Plaintiff,

vs.

WALGREEN COMPANY
d/b/a WALGREENS,

Defendant.

_____/

**07-21095**
**CIV-JORDAN**
*/TORRES*

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ASENCION LUNA, sues Defendant, WALGREEN COMPANY d/b/a WALGREENS, and states:

## INTRODUCTION & JURISDICTIONAL ALLEGATIONS

1.  This action arises under the American With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, Florida the Florida Civil Rights Act ("FCRA"), § 760.01 *et seq.*, and Florida Whistleblower's Act ("FWA"), Section 448.101, *et. seq.*, Florida Statutes.

2.  ASENCION LUNA (hereinafter "Luna" or "employee") is a resident of South Florida and former "employee" of Defendant, within the meaning of the above-referenced statutes.

3.  Plaintiff is a qualified individual with a disability/handicap (as those terms are defined in/construed under the above referenced applicable statutes) and able to perform the essential functions of her job with or without reasonable accommodation.

4. More particularly, Plaintiff suffers from degenerative joint disease, herniated disks and knee problems, and as a result, *inter alia*, she needs to sit (i.e., her impairments prevent her from normally standing at all while performing work or severely restrict her standing at work to only a very brief periods of time.)

5. Furthermore, the Defendant perceived/regarded Plaintiff as having a disability/handicap and/or the Plaintiff also has a record of being disabled/handicapped.

6. Defendant WALGREEN COMPANY d/b/a WALGREENS (hereinafter "Employer" or "Company") is a foreign for-profit corporation doing business in the State of Florida and is Plaintiff's former "employer," within the meaning of the above-referenced statutes, who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## SPECIFICS OF THE CLAIMS

7. Plaintiff began her employment with Defendant nearly 20 years ago; her last position with the company, before she was actually/constructively discharged in August of 2006, was that of a senior pharmacy tech.

8. As a result of her disability and with the company's full knowledge, for several years prior to her termination the Plaintiff was utilizing a chair during her work.

9. On or about July 2006, Ms. Alfa King became Plaintiff's direct supervisor and the store's general manager.

10. Despite the company being aware of Plaintiff's condition and need for her to use a chair at work, Ms. King not only took away the chair that Plaintiff had been using for

2

years given her condition, not only refused to provide her any reasonable accommodations, but told her that disciplinary actions will be taken if Plaintiff were to ever use a chair (i.e., be sitting).

11.    The Defendant in fact remarkably threatened the Plaintiff with termination should she ever be seen using a chair and if Plaintiff did not like Defendant's policy that she should punch out and leave.

12.    Having a reasonable good faith belief that the company was not complying with the law, Plaintiff objected to and protested the employer's refusal to undertake reasonable accommodation and again requested reasonable accommodation (a protected activity), all to no avail.

13.    In fear of losing her job, Plaintiff was thus forced to remain standing in excruciating pain and discomfort for hours and days on end which resulted in her condition to become aggravated and so bad that she eventually had to go to the hospital for her pain and discomfort.

14.    When Plaintiff than returned back to work from the hospital, with again another medical note regarding her physical condition/restriction, her employer remarkably continued to refuse to provide her with reasonable accommodation (which merely, for example, would have entailed allowing her the use of a chair during the course of her job).

15.    The aim/goal of the Defendant in refusing to provide reasonable accommodations was apparently to purposely maintain Plaintiff in an intolerable working condition so as to constructively discharge her.

3

16.     In essence, not only did Defendant refuse to provide or take any steps to provide any reasonable accommodations to the Plaintiff (a dedicated and hard working employee of nearly 20 years), but knowingly caused and inflicted significant amount of physical and emotional pain/suffering upon her as a result of its refusal and subsequent conduct.

17.     On or about August 14, 2006, as a result of  Plaintiff again requesting accommodation, protesting and complaining about Defendant's conduct/policy and its refusal to provide her with a chair, she was specifically told to leave (i.e., suffered an adverse action).

18.     The termination of the Plaintiff's employment based upon seeking reasonable accommodations and in retaliation for having complained/protested the company's policy was unlawful under the American with Disabilities Act of 1990 and the Florida Civil Rights Act, and/or the Florida Whistleblower's Act..

19.     On or about September 1, 2006, Plaintiff timely dually submitted an amended charge of disability discrimination and retaliation to the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR). (Please see Exhibit "A" attached hereto).

20.     On March 26 , 2007, the U.S. E.E.O.C. ultimately issued its Notice of Right to Sue letter to the Plaintiff (Please see Exhibit "B" attached hereto), and more than 180 days have passed since the filing of the charge with the FCHR without a conciliation or determination.

21.     Plaintiff has thus met all conditions precedent to the bringing of this action, including

4

exhaustion of administrative remedies.

22.   As a direct and proximate result of the deliberate and intentional wrongful and unlawful conduct on the part of the Defendant, Plaintiff has suffered economic as well as non-economic damages, including, but not limited to, loss of income and benefits, significant amount of physical pain/suffering, embarrassment, humiliation, upset, mental anguish, loss of self esteem, dejection, and/or emotional pain.

23.   As a direct result of Defendant's conduct, Plaintiff will continue to suffer economic as well non-economic damages in the future.

24.   Defendant through its supervisor/management engaged in unlawful conduct against Plaintiff willfully, maliciously, intentionally and/or in reckless disregard or indifference to Plaintiff's rights under the law.

25.   Plaintiff has retained the service of the undersigned and she is entitled under ADA and FCRA, and FWA to an award of attorney's fees for prosecution of this action.

## COUNT I
## VIOLATIONS OF ADA & FCRA
## FAILURE TO ACCOMMODATE/DISCRIMINATION

26.  Plaintiff realleges and reavers herein Paragraphs 1-25.

WHEREFORE, Plaintiff demands judgment as follows:

A.  Judgment for both compensatory and punitive damages.

B.  An award of costs and attorney's fees pursuant to Fla. Stat. §760.11 and 42 U.S.C.A. §12205.

C.  Such other relief as the court deems just, proper, and equitable relief, including back and front pay, as well as appropriate injunctive relief.

## COUNT II
## VIOLATIONS OF ADA & FCRA
## RETALIATION

27.  Plaintiff realleges and reavers herein Paragraphs 1-25.

WHEREFORE, Plaintiff demands judgment as follows:

A.  Judgment for both compensatory and punitive damages.

B.  An award of costs and attorney's fees pursuant to Fla. Stat. §760.11 and 42 U.S.C.A. 12205.

C.  Such other relief as the court deems just, proper, and equitable relief, including back and front pay, as well as appropriate injunctive relief.

## COUNT III
## VIOLATION OF FLORIDA'S WHISTLEBLOWER'S ACT

28.    Plaintiff fully reavers and realleges herein Paragraphs 1-25.

WHEREFORE, Plaintiff seeks judgment against Defendant for back and front pay, lost benefits and other remuneration, compensatory damages, appropriate equitable relief, and award of cost, fees and expenses under Fla.Stat. §448.104.

> SINA NEGAHBANI, ESQ.
> Counsel for Plaintiff
> P.O. Box 566055
> Miami, Florida 33256
> Tel: (305) 595-9078
> Fax: (305) 595-9079
>
> By: _____
> Sina Negahbani
> F.B.N. 972673
> Negahbanis@yahoo.com

| AMENDED **CHARGE OF DISCRIMINATION** | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | | [X] FEPA<br>[X] EEOC | 510-2006-04128 |

FLORIDA COMMISSION ON HUMAN RELATIONS
State or local Agency, if any and EEOC

| NAME(Indicate Mr., Ms., Mrs.)<br>Ms. Asencion Luna | | HOME TELEPHONE (Include Area Code)<br>786-333-6231 |
|---|---|---|
| STREET ADDRESS<br>9031 Cutler Ridge Drive | CITY, STATE AND ZIP CODE<br>Cutler Ridge, Florida 33176 | DATE OF BIRTH<br>03-09-1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>WALGREENS | NUMBER OF EMPLOYEES, MEMBERS<br>500 or more | TELEPHONE (Include Area Code)<br>305-254-7149 |
|---|---|---|
| STREET ADDRESS<br>5900 SW 73 ST Suite 207 | CITY, STATE AND ZIP CODE<br>Miami, Florida 33143 | COUNTY<br>Miami-Dade |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] AGE<br>[X] RETALIATION   [ ] NATIONAL ORIGIN   [X] DISABILITY   [ ] OTHER (Specify) | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>08-02-2006   08-14-2006<br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1.) I am a qualified individual with a disability. During my tenure as Senior Certified Pharmacy Technician position, I was denied a reasonable accommodation and subsequently terminated because of my disability and protestations. Non-disabled employees were not treated in a similar fashion

2.) Alfa King, the store manager, denied me the use of a chair that I previously used. She stated "If you can't stand, punch out and go home."

3.) Specifically, I believe that I have been discriminated/retaliated against because of my disability/objections and also not provided with reasonable accommodations, in violation of Titile I of the Americans with Disabilities Act of 1990, as amend

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| September 1, 2006<br><br>Date          Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

EEOC FORM 5 (Test 10/94)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Ascencion Luna<br>9031 Cutler Ridge Drive<br>Cuter Ridge, Florida 33157<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida 33131-1805** |

| Charge Number<br>510-2006-04128 | EEOC Representative<br>Lisbeth Bailey, Investigator | Telephone Number<br>(305) 808-1740 |
|---|---|---|

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**MAR 2 6 2007**

(Date Mailed)

Federico Costales, District Director

Enclosures
   Information Sheet
   Copy of Charge

cc:  Sina Negahbani, Esquire
    8500 S.W. 92 Street, Suite 206
    Miami, Florida 33156

    Walgreens Company
    c/o Michael M. Hernandez, Esquire
    8250 N.W. 27th Street Street, Suite 311
    Miami, Florida 33122

EEOC Form 161-B (10/96)

EXH "B"

07- 21095

CIV-JORDAN
/TORRES

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ascension Luna

## DEFENDANTS

Walgreen Co.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Dade_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Deerfield, Il_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sina Negahbani, Esq, P.O. Box 566055;
Miami, Fl 33256 ;(305)595-9078

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE- 07-21095-CV- JORDAN-TORRES

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Case arises under American with Disabilities Act of 1990.

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE Apr 21, 07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE ONLY

RECEIPT # 958502 AMOUNT $350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04/24/07