# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

October 26, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI  FL  33128-1813



FILED by _____ D.C.
OCT 2 9 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**Appeal Number: 08-15600-HH**
Case Style: Asencion Luna v. Walgreen Company
District Court Number: 07-21095 CV-AJ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original Exhibits, consisting of: one folder
    Original record on appeal or review, consisting of: three volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-15600

District Court Docket No.
07-21095-CV-AJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Sep 25, 2009

THOMAS K. KAHN
CLERK

ASENCION LUNA,

   Plaintiff-Appellant,

versus

WALGREEN COMPANY,
d.b.a. Walgreens,

   Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------------------------

JUDGMENT

  It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
OCT 26 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:  September 25, 2009
For the Court:  Thomas K. Kahn, Clerk
By:  Patch, Jeffrey

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
              FILED
       U.S. COURT OF APPEALS
         ELEVENTH CIRCUIT
         SEPTEMBER 25, 2009
          THOMAS K. KAHN
              CLERK
```

No. 08-15600
Non-Argument Calendar

_____

D. C. Docket No. 07-21095-CV-AJ

ASENCION LUNA,

                                                Plaintiff-Appellant,

versus

WALGREEN COMPANY,
d.b.a. Walgreens,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

      In this case, Asencion Luna seeks relief against Walgreen Company

("Walgreens") under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.. In her complaint, she alleged that Walgreens discriminated and retaliated against her, in violation of the ADA, on the theory that (1) she suffered from back and knee problems, which required her to sit at work, (2) she had a record of this impairment, (3) Walgreens regarded her as having a disability, (4) Walgreens allowed her to use a chair for several years prior to her separation from the company, and (5) Walgreens both actually and constructively discharged her. On Walgreens's motion for summary judgment made at the close of discovery, the district court, after considering the evidence in the light most favorable to Luna,[1] found no merit in her discrimination and retaliation claims and granted Walgreens final judgment. Luna now appeals the judgment. We affirm.

I.

In her brief on appeal, Luna argues that the district court erred in granting summary judgment on her disability discrimination claim because the evidence created a material issue of fact as to whether Walgreens regarded her as having an impairment that substantially limited her ability to stand while working and whether Walgreens accommodated such impairment for five years.

"Under the controlling law in this Circuit, the burden-shifting analysis of

---

[1] See Holly v/ Clairson Indus., L.L.C., 492 F.3d 1247 (11th Cir. 2007).

Title VII employment discrimination claims is applicable to ADA claims." Id. (internal quotation omitted). Under this burden-shifting analysis, the plaintiff must first establish a prima facie case. "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) [s]he is disabled; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of [her] disability." Id. at 1255-56. The ADA and the regulations define "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having an impairment. 42 U.S.C. §§ 12102 (1) and (2); 34 C.F.R. 104.3(j)(1); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004). The Equal Employment Opportunity Commission ("EEOC") regulations interpreting the ADA:

> have explained that to be 'regarded as having such an impairment' means that an individual: (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) Has none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

D'Angelo v. Conagra Foods, 422 F.3d 1220, 1228 (11th Cir. 2005) (citing 29

This concession is consistent with testimony Walgreens employees gave on deposition; they said that they did not perceive Luna as having a disability, much less one that substantially limited her ability to stand.

Luna's argument that Walgreens accommodated her disability for five years by providing her with a chair is not supported by the record. In her deposition, Luna conceded that the chair was not placed in the pharmacy because of any specific request that she made. In an August 13, 2006 email to Jorge Morales, Luna formally requested an accommodation and asked for a response to her request within five days. She infers from Morales's failure to respond before the five-day period expired that the company regarded her as being substantially limited in her ability to stand. In our view, that inference cannot be drawn.

In sum, we conclude that, when considered in a light most favorable to Luna, the evidence did not establish that Walgreens regarded Luna as disabled, as having a disability that "substantially limited" her disability to stand.

II.

Luna contends that the district court, in rejecting her retaliation claim, erred in considering only her actual and constructive discharge theories and ignored her claim that Walgreens's conduct had a materially adverse effect on her under Burlington Northern and Santa Fe Ry. Co. v. White, 543 U.S. 53, 68, 126 S.Ct.

2405, 2415, 165 L.Ed.2d 345 (2006). Luna believes that the district court erred in failing to consider Walgreens's conduct after removing the chairs from the pharmacy on August 2, 2006, but prior to her leaving the company twelve days later, which forced her to work throughout the day under intolerable pain while other employees were allowed to use a chair temporarily. Luna argues that the company's conduct would, under the Burlington standard, dissuade a worker in her situation from requesting a reasonable accommodation.

"The ADA provides that 'no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the ADA or because such individual made a charge . . . under the ADA.'" Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001) (quoting 42 U.S.C. § 12203(a)). In order to show a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the adverse action and her protected expression. Lucas, 257 F.3d at 1260. The Supreme Court has interpreted the second prong as requiring a plaintiff to show that "a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 543 U.S. at 68, 126 S.Ct. at

2415 (quotations and citations omitted) (announcing "materially adverse" element for Title VII claims). Under Burlington, "the type of employer conduct considered actionable has been broadened from that which adversely [a]ffects the plaintiff's conditions of employment or employment status to that which has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." Crawford v. Carroll, 529 F.3d 961, 973 (11th Cir. 2008).

However, an employee still may satisfy the second prong by showing an actual or constructive discharge. "[T]he inquiry as to whether actual termination has occurred involves analysis of the employer's intent." Thomas v. Dillard Dep't Store, 116 F.3d 1432, 1434 (11th Cir. 1997). "Whether an actual termination has occurred is determined in light of the particular circumstances of the controverted job action." Id. ("An actual discharge . . . occurs when the employer uses language or engages in conduct that 'would logically lead a prudent person to believe his tenure has been terminated.'") (citing Chertkova v. Connecticut General Life Ins. Co., 92 F.3d 81, 88 (2d. Cir. 1996)). In Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 507 F.3d 1306, 1316 (11th Cir. 2007), we reasoned that a supervisor's statement, that the plaintiff "did not look well and she should leave work and go home," did not constitute an adverse employment action, but only a statement of concern for the employee's fatigue at work.

"To prove a constructive discharge, a plaintiff must demonstrate that working conditions were so intolerable that a reasonable person in her position would have been compelled to resign." Griffin v. GTE Fla., Inc., 182 F.3d 1279, 1283 (11th Cir. 1999). Unless the employer is given sufficient time to remedy the situation, a constructive discharge generally will not be found to have occurred. Kilgore v. Thompson & Brock Mgmt., Inc., 93 F.3d 752, 754 (11th Cir. 1996).

The district court correctly held that, given the record before it, Luna had not established a prima facie case of retaliation. While her chair request was a protected expression and thus satisfied Lucas's first prong, there is no evidence in the record to the effect that she suffered a materially adverse employment action, Lucas's second prong. First, Walgreens neither actually discharged nor constructively discharged Luna. During the morning of August 14, 2006, Luna went to the EEOC office and told an investigator there that she was going to meet with her supervisor that afternoon to discuss returning to work with a reasonable accommodation. At 2:05 p.m., she came to work and requested a chair because she had knee and back pain. She told Patricia Brito, the store's assistant manager, that King, the manager, had not authorized her to use a chair, and Brito's response was that she could not have a chair. She said that King instructed her not to allow employees to use a chair and that if Luna could not stand, she should "punch out

8

and leave," which she did. Luna's discharge theory relies on the belief that when Brito said this, Brito was firing her. Luna concedes, however, that Brito lacked the authority to fire her, and the words "punch out and leave" would not lead a reasonably prudent person to believe that she was being fired. See Garrett, 507 F.3d at 1306; Thomas, 116 F.3d at 1434. Moreover, Luna admitted that no one at Walgreens ever terminated her employment.

Second, the district court did not err in failing to apply her claim under the relaxed Burlington standard. The court looked to Burlington, but found that Luna had presented but two arguments, neither of which had merit: actual and constructive discharge.

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

9

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

ASENCION LUNA,
_____
Appellant

vs.

WALGREEN COMPANY, d.b.a. Walgreens,
_____
Appellee

Appeal No. 08-15500-HH

*U.S. COURT OF APPEALS RECEIVED CLERK OCT 09 2009 ATLANTA, GA.*

*FILED U.S. COURT OF APPEALS ELEVENTH CIRCUIT OCT 09 2009 THOMAS K. KAHN CLERK*

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 53 | 8 | 424 | 63.60 | **$63.60** |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $ 63.60 REQUESTED | $ **$63.60** ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: October 8, 2009          Signature: _____

Attorney for: Appellee, Walgreen Compnay          Attorney Name: Patrick F. Martin
(Type or print name of client)                    (Type or print your name)

================================================================

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ **$63.60** against **Appellant**

and are payable directly to **Appellee**

*A True Copy Attested Clerk U.S. Court of Appeals, Eleventh Circuit By: _____ Deputy Clerk Atlanta, Georgia*

Thomas K. Kahn, Clerk

Issued on: OCT 2 6 2009          By: _____ Deputy Clerk

MISC-12
(12/07)

FRAP 39. Costs

(a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:

    (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
    (2) if a judgment is affirmed, costs are taxed against the appellant;
    (3) if a judgment is reversed, costs are taxed against the appellee;
    (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

(b) Costs For and Against the United States. Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.

(c) Costs of Copies. Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(d) Bill of Costs; Objections; Insertion in Mandate.

    (1) A party who wants costs taxed must — within 14 days after entry of judgment — file with the circuit clerk, with proof of service, an itemized and verified bill of costs.
    (2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.
    (3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must — upon the circuit clerk's request — add the statement of costs, or any amendment of it, to the mandate.

(e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

    (1) the preparation and transmission of the record;
    (2) the reporter's transcript, if needed to determine the appeal;
    (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
    (4) the fee for filing the notice of appeal.

\* \* \* \*

11th Cir. R. 39-1 Costs. In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less.

Unless advance approval for additional copies is secured from the clerk, costs will be taxed only for the number of copies of a brief and record excerpts or appendix required by the rules to be filed and served, plus two copies for each party signing the brief.

All costs shall be paid and mailed directly to the party to whom costs have been awarded. <u>Costs should not be mailed to the clerk of the court.</u>

\* \* \* \*

I.O.P. -

*1. Time - Extensions. A bill of costs is timely if filed within 14 days of entry of judgment. Judgment is entered on the opinion filing date. The filing of a petition for rehearing or petition for rehearing en banc does not extend the time for filing a bill of costs. A motion to extend the time to file a bill of costs may be considered by the clerk.*

*2. Costs for or Against the United States. When costs are sought for or against the United States, the statutory or other authority relied upon for such an award must be set forth as an attachment to the Bill of Costs.*

*3. Reproduction of Statutes, Rules, and Regulations. Costs will be taxed for the reproduction of statutes, rules, and regulations in conformity with FRAP 28(f). Costs will not be taxed for the reproduction of papers not required or allowed to be filed pursuant to FRAP 28 and 30 and the corresponding circuit rules, even though the brief, appendix, or record excerpts within which said papers are included was accepted for filing by the clerk.*